419 A.2d 1363

**COMMONWEALTH of Pennsylvania**

v.

**John C. MESHEY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1979.

Filed June 20, 1980.

74

Michael Hohenadel, Lancaster, for appellant.

Edward F. Browne, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

CIRILLO, Judge:

On October 20, 1978, the appellant pleaded guilty to two summary offenses under the Motor Vehicle Code, and he paid the fines and costs imposed thereon. On January 24, 1979, the appellant filed a petition for leave to file appeal nunc pro tunc. The petition was denied by the Court below, and the appellant appealed to this Court.

Pennsylvania Rule of Criminal Procedure No. 67 required that an appeal from a summary conviction must be filed within 20 days of the conviction. The appellant's excuse for his delay in this case was that he did not learn of the nature of the two offenses to which he pleaded guilty until Decem-

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

ber 8, 1978, when he received a suspension notice from the Commonwealth. Assuming that the appellant's averments are true, he still delayed 46 days after receiving notice. He has set forth no excuse for not attempting to appeal within 20 days. It has been held that the Court is without power to extend the appeal period absent a showing of fraud or excusable mistake: *Commonwealth v. Georgiana*, 68 Pa. D&C 2d 307; *Commonealth v. Dadey*, 54 Pa. D&C 2d 458. The appellant has shown no fraud or excusable mistake and, therefore, the petition for leave to file appeal nunc pro tunc was properly denied.

Although we have addressed this case on the merits, we should point out that there is serious doubt as to whether one who pleads guilty to a summary offense has any right of appeal. In the case of *Commonwealth v. Kauffman*, from Lancaster County, the Honorable W. Hensel Brown held that there was no such right and his holding was affirmed Per Curiam by this Court in *Commonwealth v. Kauffman*, 249 Pa.Super 600, 377 A.2d 986 (1977).

The order of the court below is hereby affirmed.