**Commonwealth v. Kinley**

*Robert D. O'Connor, Assistant District Attorney,* for Commonwealth.
*Larry E. Coploff,* for defendant.

BROWN, *P.J.*, And now, June 25, 1981, upon consideration of the above-captioned motion, written briefs, and oral argument, it is hereby ordered that the motion to dismiss appeal from summary judgment be granted and that all of the above-captioned appeals be dismissed. This order is being entered for the following reasons:

(1) The within appeals have been taken pursuant to Pa.R.Crim.P. 67 following the entry of a guilty plea in each case before the respective issuing authorities.

(2) Under Pa.R.Crim.P. 67 an appeal is from a "conviction by an issuing authority in any summary proceeding." In the context of this rule, the court concludes that the word "conviction" has reference to a conviction occurring after a hearing since it is the present policy of the law that summary offenses, being minor in nature, be heard at the district justice level. To allow the entry of a guilty plea at this initial level followed by an appeal to the court of common pleas circumvents this policy and the initial jurisdiction of the district justice. If in any case defendant's guilt cannot be proven, the case should be dismissed at the district justice level thereby saving time and increased pressures upon an already crowded common pleas docket.

(3) Pa.R.Crim.P. 67 which regulates the within appeals is contained in Chapter 50: Summary Cases under Part IV: Summary Trial and Appeal.

The use of the word "Trial" in Part IV clearly suggests that these rules have application only to trial or hearing situations. Guilty pleas in summary cases are regulated by Pa.R.Crim.P. 56 and 57, neither of which rules refer to any right of appeal. In the absence of a rule specifying a procedure for waiving a hearing at the district justice level and transferring the matter to the court of common pleas for a hearing, the practice of entering a guilty plea and then filing an appeal is improper.

(4) While there is no direct appellate authority governing the issue before the court, in Com. v. Meshey, 278 Pa. Superior Ct. 73, 419 A. 2d 1363 (1980), the Superior Court expressed "serious doubt as to whether one who pleads guilty to a summary offense has any right of appeal." This court concurs in that doubt to the degree that it believes no such right exists.