## Commonwealth v. Dieffenderfer

*Joseph Toddy*, for the Commonwealth.
*Barbara J. Entwistle*, for defendant.

KREHEL, *P.J.*, September 10, 1985—Before this court is defendant's petition for leave to Appeal Nunc Pro Tunc her conviction of violating section 1543 of the Vehicle Code. Defendant received a traffic citation from Northumberland County charging her with allowing her son to operate her vehicle while he was under suspension on June 12, 1985. The citation advised defendant that she was charged with a violation of section 1575 of the Pennsylvania Vehicle Code. The citation also advised defendant that the total amount of her fine for this violation would be $220.50.

Defendant, a resident of Gettysburg, Pa., signed the line on the back of the citation which indicated an admission of guilt. She forwarded the amount indicated as her total fine along with her admission of guilt.

On August 2, 1985, defendant received notification that her driving privileges were revoked for six months by the Pennsylvania Department of Transportation because of her conviction of a violation of the Vehicle Code. The conviction which served as the basis for this suspension was the violation to which defendant had earlier pled guilty.

Upon receipt of this notification of suspension of her license, defendant filed a notice of appeal from summary criminal conviction on August 14, 1985. The Northumberland County Prothonotary returned defendant's notice of appeal as untimely on August 19, 1985. The motion presently before this

court was filed immediately after defendant's receipt of notification that her appeal was untimely.

It is clear that Pa. Rule of Criminal Procedure 67 requires that an appeal from a summary conviction must be filed within 30 days of the conviction. It is equally clear that it is the Commonwealth's position that this 30-day period began to run on June 20, 1985, the date upon which defendant's plea of guilty was received. This court, in light of the reasoning set forth by the Superior Ct. in the case of Commonwealth v. Meshey, 278 Pa. Super. 77, 419 A.2d 1363 (1980), does not agree. Thus, the petition for leave to file appeal nunc pro tunc will be granted.

The Meshey case, which was cited by both defendant's counsel and the counsel for the Commonwealth during a hearing before this court, presented a fact pattern similar to the case at bar. John C. Meshey has pled guilty to two summary offenses under the Motor Vehicle Code on October 20, 1978. He, like defendant before this court, paid the required fines and costs.

On December 8, 1978, John C. Meshey received his license suspension notice from the Commonwealth. However, unlike our present defendant, John Meshey delayed an additional 46 days after receipt of his license suspension notice before filing an appeal of his conviction on January 24, 1979. It was this post-license suspension delay which the Superior Court found fatal to John C. Meshey's petition for leave to file nunc pro tunc:

"The appeallant's excuse for his delay in this case was that he did not learn of the nature of the two offenses to which he pleaded guilty until December 8, 1978, when he received a suspension notice from the Commonwealth. Assuming that appellant's averments are true, he still delayed 46 days after re-

ceiving notice. He has set forth no excuse for not attempting to appeal within 20 days." Id. at 1363.

It is clear that the Superior Court computed their appeal period from the date Meshey received notification of his license suspension. The 46-day figure can only be arrived at by considering December 8, 1978 as the date of receipt of notice and January 24, 1979 as the date of John Meshey's late attempt at filing.

In light of the above determination that notification of license suspension triggers a 30-day period (Rule 67 has been amended to have a 30-day period since Meshey was decided) during which the suspension can be appealed, it is clear defendant has filed her appeal in a timely fashion. Accordingly, we enter the following

## ORDER

And now, this September 10, 1985, after a hearing held on September 4, 1985 on plaintiff's petition for leave to file nunc pro tunc, it is hereby ordered that the petition is granted.