514 A.2d 654

Daniel Seifrit, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs June 6, 1986, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*Dante G. Bertani,* Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, September 2, 1986:

This appeal results from an order of the Board of Probation and Parole (Board) which denied administrative relief sought by the petitioner, Daniel Seifrit (petitioner), from a Board parole revocation order. That revocation order revoked petitioner's parole and returned him to prison as a technical parole violator to serve twenty-four months of backtime.

Petitioner was originally convicted of third-degree murder in 1979 and was sentenced to a term of imprisonment of five to thirteen years. Parole was granted in 1983. In November, 1984, however, an inspection of petitioner's approved residence, conducted by a parole agent, revealed that petitioner was in possession of numerous firearms and other weapons. That same inspection also revealed that petitioner was in possession of "a suspected marijuana plant, and also loose leaves of suspected marijuana." Possession of firearms and marijuana constituted violations of petitioner's parole conditions.

Pursuant to those violations, petitioner was arrested and a Notice of Charges and Hearing was issued. After a hearing, held on April 3, 1985, the Board recommitted petitioner, having concluded that the testimony submitted in support of the revocation established the violations by a preponderance of the evidence. A subse-

quent request for administrative relief was denied, and petitioner then initiated the present appeal.

Our own review of the present controversy is limited to determining whether necessary findings are supported by substantial evidence, whether an error of law was committed, or whether any of the parolee's constitutional rights were violated. *Cox v. Board of Probation and Parole,* 507 Pa. 614, 620, 493 A.2d 680, 683 (1985) (citing Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, as applicable standard of review). Petitioner asserts, as his only grounds for appeal, that the Board failed to prove by a preponderance of the evidence that he was in fact in violation of the parole condition that he refrain from possession of illicit drugs. We affirm.

Petitioner's first assertion in this respect is that the testing done on the marijuana "was insufficient[,] and that the suspected marijuana should have been retained for at least a reasonable period of time to allow an independent testing of the substance." *Brief for Petitioner* at 5. Our review of the hearing transcript, however, demonstrates that there was no objection to the testimony which addressed the findings of the test, nor was sufficiency of the testing raised in petitioner's request for administrative relief. The question has thus been waived. *See Lantzy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 626, 477 A.2d 18 (1984) (citing Section 703(a) of the Administrative Agency Law, 2 Pa. C. S. §703(a)). *See generally* Wile, *Probation and Parole,* 57 Pa. B.A.Q. 152, 162 (1986).

We observe, in any case, that the identity of the substance was testified to by the state policeman who administered the test. That individual, who was qualified as an expert on drug identification, was open to and was in fact subjected to cross-examination with respect to his administration of the test. *See Hearing Transcript* at 8-9. The Board's ultimate conclusion that the sub-

stance was in fact marijuana is thus supported by substantial evidence, and is not infirm due to reliance on hearsay. *Cf. Grello v. Pennsylvania Board of Probation and Parole*, 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984) (order revoking parole cannot be based entirely upon hearsay testimony.)

Petitioner's second assertion is that even if the substance was in fact marijuana, possession thereof cannot be ascribed to him because "persons other than the petitioner had access to the area. . . ." *Brief for Petitioner* at 6. "[T]he fact of possession," petitioner insists, "loses all persuasiveness if persons other than the accused had equal access . . . to the place in which the property was discovered." *Id.* (quoting *Commonwealth v. Davis*, 444 Pa. 11, 16, 280 A.2d 119, 121 (1971)). Here, however, (1) the marijuana was in plain view to all; (2) the drug was actually *in* petitioner's approved residence; and (3) the only other occupant of the residence, petitioner's girlfriend, was not currently living there. A case of constructive possession was thus clearly established. In *any case,* the Board was "free to reject [petitioner's] denial of any knowledge of the presence of [the substance] or his explanation" with respect to the accessibility of the area to others. *Nickens v. Pennsylvania Board of Probation and Parole*, 93 Pa. Commonwealth Ct. 313, 322, 502 A.2d 277, 281 (1985).

We thus conclude that a preponderance of the evidence supports the Board's conclusion that petitioner was in possession of the drugs and hence violated his parole condition.

Affirmed.

ORDER

Now, September 2, 1986, the order of the Board of Probation and Parole at Parole No. 8771-M, dated May 6, 1985, denying administrative relief to the petitioner, Daniel Seifrit, is hereby affirmed.