516 A.2d 843

Mark A. Arentz, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 9, 1986, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Clayton R. Wilcox,* Public Defender of Adams County, for petitioner.

*Clayton R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, October 23, 1986:

Petitioner, Mark Arentz, petitions for review of an administrative order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief from a Board recommitment order. We reverse.

While on parole, petitioner was the subject of a police investigation in New Oxford Borough. On December 8, 1984, a distraught woman stopped a New Oxford Borough police officer and made a report to the officer regarding petitioner. As a result, the officer went to a nearby hotel and asked petitioner to come outside and present identification. Because the woman was upset, the investigation was not completed at that time. Petitioner left the area. Subsequently, the investigation was completed, and the officer filed citations at the office of the District Justice. The District Justice issued four summary citations relating to the incident.

The Board charged petitioner as a technical parole violator, for allegedly violating parole condition 3B, which requires that parolees notify the parole supervision staff within seventy-two hours of any arrest, and condition 4, which requires that parolees comply with all municipal, county, state and federal criminal laws, and the provisions of the Vehicle Code and the Liquor Code. Following a violation and revocation hearing, the Board found petitioner to be a technical parole violator, and recommitted petitioner to serve eighteen months backtime. Petitioner's request for administrative relief was denied.

Petitioner contends that the Board erred in finding him in violation of parole condition 3B, because he was never actually arrested. Additionally, petitioner argues that the Board's finding that he violated parole condition 4 is not supported by the evidence.

Our scope of review of a Board recommitment order is to determine if the order is in accordance with the law, whether necessary factual findings are supported by substantial evidence, and whether petitioner's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984).

Parole condition 3B states that parolees must "(3) Maintain regular contact with the parole supervision staff by: (ii) Notifying the parole supervision staff within 72 hours of any arrest." 37 Pa. Code §63.4(3)(ii). Our Supreme Court has defined arrest as "any act that indicates an intention to take the person into custody and subjects him to the actual control and will of the person making the arrest." *Commonwealth v. Lovette,* 498 Pa. 665, 671, 450 A.2d 975, 978 (1982) (citing *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963)).

Our review of the record reveals that a police officer received a report of a problem in front of a restaurant in New Oxford. The police officer then began a general investigation. He went into a nearby hotel and asked petitioner to come outside. He asked petitioner for identification. Because the woman who had made the report was distraught, the investigation was not completed. Petitioner drove away in his truck. Summary citations were filed days later.

These facts do not show that petitioner was arrested. The police officer's actions do not indicate an intention to take petitioner into custody. When the investigation was completed, the officer followed the procedure for instituting proceedings in summary cases set forth in

Pa. R. Crim. P. 51(b), by filing a citation. He did not follow the procedure set forth in Pa. R. Crim. P. 51(d), which establishes arresting without a warrrant when arrest is specifically authorized by law, as one means of instituting proceedings in summary cases. Thus, the Board erred in finding that petitioner violated condition 3B.

Parole condition 4 states that parolees must "(4) Comply with all municipal, county, state and Federal criminal laws, as well as provisions of the Vehicle Code and the Liquor Code." 37 Pa. Code §63.4(4). Here, the record shows that four summary citations were issued by a District Justice, who sent the citations to petitioner by certified mail. However, the status of the charges was unclear and was contested at petitioner's revocation hearing. The parole officer testified that he thought the summary charges were still open and pending. The police officer testified that he never received notice of a hearing, that the woman who made the report never went to a hearing, and that a hearing on the summary charges never took place. Petitioner also testified that the summary charges were still open, that he had never pled guilty to the charges, and that he had never received notice of, or ever had, a hearing. The only possible basis for a conclusion that petitioner violated the law was a pink slip copy of the citation, containing a notation "time served", that the police officer had received. Thus, there is not substantial evidence to support the Board's finding that petitioner violated condition 4.

Accordingly, we reverse.

### ORDER

Now, October 23, 1986, the order of the Pennsylvania Board of Probation and Parole, in Parole No. 8483-K, dated August 19, 1985, is reversed.

Judge ROGERS dissents.