520 A.2d 518

Michael Thomas Harper, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

252

Submitted on briefs November 20, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Claire A. Kimmel,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, January 20, 1987:

This is a parole revocation appeal wherein Michael Thomas Harper, parolee, appeals here an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from a Board parole revocation order. That revocation order recommits him to prison as a technical parole violator to serve twenty-four months on backtime. We reverse in part and remand.

Harper was granted parole by the Board on April 21, 1982, on a sentence of seven to twenty years im-

posed by Judge JAMES E. BUCKINGHAM of the Court of Common Pleas of York County as a result of his conviction for Robbery[1] and Burglary.[2] He was paroled to a plan in York, Pennsylvania, where he eventually set up his own pest exterminating business. On September 20, 1985, he was arrested on a Board warrant, charged with violating three general conditions of parole, and confined in the York County Prison.

On October 30, 1985, Harper appeared before a Board hearing examiner at the York County Prison for a parole Violation Hearing. He was represented by privately-retained counsel and waived both his preliminary hearing and his right to appear before a quorum of the Board. Following that hearing, the Board ordered his parole revoked and recommitted him to serve twenty-four months on backtime for violating general parole conditions 3B,[3] 4,[4] and 5C.[5] He subsequently filed a pro se administrative appeal which the Board denied on February 28, 1986. He then filed a pro se petition for review with this Court who appointed the Centre County Public Defender to represent him. The public defender has since filed an amended petition for review on Harper's behalf.

In this appeal, Harper raises numerous assignments of error on the part of the Board which we shall discuss in turn. We are also cognizant of our limited scope of review of a Board parole revocation order under Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, requiring us to affirm the Board if its findings are supported by substantial evidence, no errors of law committed and no constitutional rights of the parolee

---

[1] 18 Pa. C. S. §3701.

[2] 18 Pa. C. S. §3502.

[3] 37 Pa. Code §63.4(3)(ii).

[4] 37 Pa. Code §63.4(4).

[5] 37 Pa. Code §63.4(5)(iii).

are violated. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986); *Zazo v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

Prior to reaching the merits of Harper's appeal, we must first address ourselves to Harper's petition to vacate our prior appointment of counsel and permit him to proceed pro se. During the course of an appeal, where a parolee wishes to dismiss counsel and represent himself or obtain new counsel, such a request is directed to the sound discretion of the court. *Cf. Commonwealth v. Owens*, 496 Pa. 16, 436 A.2d 129 (1981) (request made during criminal trial by defendant); *see also United States v. Dunlap*, 577 F.2d 867 (4th Cir. 1978), *cert. denied*, 439 U.S. 858 (1978). The sole reason Harper advances for desiring to proceed pro se is that the particular counsel who represented him during this appeal is no longer associated with the Centre County Public Defender's Office and he does not want another attorney to handle his case. We note, however, that the public defender has filed an amended petition for review and has submitted an extensive brief on Harper's behalf. Additionally, Harper advances no claim of ineffectiveness or advances any other complaint concerning the public defender's performance of its duties under Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, 16 P.S. §9960.6(a)(10). Under these circumstances, we are satisfied the public defender has done all that is required of it in this case, no purpose would be served vacating our prior appointment and permitting Harper to proceed pro se. *See Toth v. Pennsylvania Board of Probation and Parole*, 78 Pa. Commonwealth Ct. 19, 466 A.2d 782 (1983). We have previously held that allowing both a prisoner and counsel to represent the issues to this Court would only impede review of the merits of a prisoner's appeal.

*Winters v. Pennsylvania Board of Probation and Parole,*
94 Pa. Commonwealth Ct. 236, 503 A.2d 488 (1986).
Thus, we shall deny Harper's motion to vacate our prior
appointment of counsel.

Harper has also filed a motion to strike certain documents from the Board's certified record and a motion for
summary relief under Pa. R. A. P. 1532(b).[6] Having denied his motion to proceed pro se, we shall quash his
motions to strike certain documents from the record
and for summary relief under the rationale expressed by
Judge MACPHAIL in *Winters* regarding this Court's consideration of pro se pleadings in cases where a party is
represented by counsel. In *Winters,* we held that under
Section 2501 of the Judicial Code, 42 Pa. C. S. §2501, a
party does not have a liberty interest in filing pro se
briefs or motions where they are already adequately
represented by counsel. Since Harper is adequately
represented by counsel, there is no violation of his due
process or equal protection rights by our quashing of
his pro se motions, *Winters,* 94 Pa. Commonwealth Ct.
at 244, 503 A.2d at 493. *See also Hall v. Dorsey,* 534 F.
Supp. 507 (E.D.Pa. 1982) (court officer's refusal to accept pro se papers submitted by defendant represented
by counsel violated no constitutional right of the defendant). Having thus disposed of the procedural issues
raised by Harper, we now turn to the merits of his appeal.

Harper's initial contention is the Board's finding he
violated general parole condition 3B, 37 Pa. Code

---

[6] While the pro se motion filed by Harper is captioned
"Motion for Summary Judgment," it is clear by his reference to Pa.
R.A.P. 1532(b) and the fact appeals from Board parole revocation
orders come under this Court's appellate jurisdiction that the motion is properly one for summary *relief* under Pa. R.A.P. 1532(b).
Accordingly, we shall so consider it as a Motion for Summary Relief.

§63.4(3)(ii), requiring him to report any arrest to the parole supervision staff within seventy-two hours, is unsupported by substantial evidence. He argues the Board failed to prove there were any "arrests" he was required to report under 37 Pa. Code §63.4(3)(ii). We agree. The sole evidence submitted by Harper's parole agent to support this violation was copies of four citations issued to him; two were for Vehicle Code violations and the other two were for summary criminal offenses. The citations were issued under the procedure set forth in Pa. R. Crim. P. 51(b), presenting the same factual circumstances occurring in *Arentz v. Pennsylvania Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 487, 516 A.2d 843 (1986). In *Arentz* we held summary citations issued under Pa. R. Crim. P. 51(b) did not constitute "arrests" parolees were required to report under 37 Pa. Code §63.4(3)(ii). Since the issuance of the citations did not evidence any intention to take Harper into custody or place him under the control of the issuing official, they did not constitute "arrests" and he was not required to report them under 37 Pa. Code §63.4(3)(ii). *See Arentz,* 101 Pa. Commonwealth Ct. at 489-90, 516 A.2d at 845; *cf. Commonwealth v. Lovette,* 498 Pa. 665, 671, 450 A.2d 975, 978 (1982) (to constitute an "arrest" the action of the official must evidence an intention to take the subject into custody and place him or her under the control of the arresting officer). Therefore, the Board's finding Harper violated 37 Pa. Code §63.4(3)(ii) is not supported by substantial evidence since no "arrest" was shown by the Board.

Harper next contends the Board's findings he violated general parole conditions 4, 37 Pa. Code §63.4(4), requiring him to obey all federal, state and municipal laws, and 5C, 37 Pa. Code §63.4(5)(iii), requiring him to refrain from assaultive behavior, are unsupported by

substantial evidence. Our review of the record satisfies us these findings have adequate evidentiary support.

To support the violation of 37 Pa. Code §63.4(4), the parole agent submitted statements from District Justice MILDRED BECKER stating Harper paid the fines and costs on the traffic citation issued in August, 1984, and the two summary criminal citations.[7] Harper admits he paid the fines and costs on those citations. Under Section 6501(b) of the Vehicle Code, 75 Pa. C. S. §6501(b), the payment of fines and costs on a Vehicle Code citation constitutes a guilty plea to the offense charged. *See Department of Transportation, Bureau of Traffic Safety v. Williamson,* 91 Pa. Commonwealth Ct. 84, 496 A.2d 910 (1985). Similarly, under Pa. R. Crim. P. 56, the payment of fines and costs of a summary criminal citation constitutes a guilty plea. *Cf. Commonwealth v. Kinley,* 19 Pa. D. & C. 3d 621 (C.P.Clinton 1981). He is not permitted to relitigate the validity of those guilty pleas at a parole Violation Hearing. *Morrissey v. Brewer,* 408 U.S. 471 (1972). Those guilty pleas constitute substantial evidence of Harper's violation of 37 Pa. Code §63.4(4). *LaCourt v. Pennsylvania Board of Probation*

---

[7] Convictions of summary criminal offenses before a District Justice do not constitute convictions in a court of record within the meaning of Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. §331.21a(a), and the Board is not authorized to recommit a parolee as a convicted parole violator for such convictions. *See Coleman v. Pennsylvania Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 144, 145 n.2, 515 A.2d 1004, 1005 n.2 (1986). *See also* Sections 301 and 321 of the Judicial Code, 42 Pa. C. S. §§301 and 321. Accordingly, the Board was not precluded by the Pennsylvania Supreme Court's decision in *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), from recommitting Harper as a technical parole violator as a result of those district justice convictions.

*and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985).

To support the violation of 37 Pa. Code §63.4(5)(iii), the parole agent produced Edward Plank and Donald Orwig, both of whom testified Harper hit them several times in the face. N.T. (10/30/85) 30-31, 58; R.50-51, 77. That testimony, which the Board credited, is substantial evidence supporting the Board's finding Harper engaged in assaultive behavior in violation of 37 Pa. Code §63.4(5)(iii). Harper's argument the Board erred by disregarding the conflicting evidence he presented is unpersuasive since it is the Board's function, as the factfinder, to assess evidentiary weight and evaluate witness credibility. *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). In that role, the Board was permitted to disregard the general release given by Orwig in a related civil case as that release did not conflict in any way with Orwig's testimony at Harper's Violation Hearing. The fact a third witness, Daniel Nunn, gave a prior inconsistent statement regarding the assault incident in which he stated he was not assaulted by Harper, likewise does not deprive the Board's findings of substantial evidentiary support. The mere presence of conflicting testimony or evidence in the record does not mean the Board's findings are not supported by substantial evidence. *See Chapman.* Accordingly, we must reject Harper's challenge to the Board's findings regarding his violation of 37 Pa. Code §§63.4(4) and 63.4(5)(iii).

Harper's third contention is the twenty-four months backtime imposed by the Board is harsh and excessive. The Board's presumptive range for multiple technical parole violations including a violation of condition 5C is eighteen months. 37 Pa. Code §75.4. If the Board imposes backtime in excess of the maximum presumptive range, it is required to justify the increased backtime by

listing the aggravating factors upon which it based the increased backtime. 37 Pa. Code §75.3(c); *Krantz v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984). The Board listed the following reasons to justify the imposition of backtime in excess of the maximum listed in 37 Pa. Code §75.4:

> Aggravating reasons: Overall parole adjustment in terms of behavior was marginal at best. Previously given supervisory conferences and warned by both agent and supervisor about your behavior. Previously continued on parole following obvious violations of drug abuse and failing to report. This hearing does not concern itself with one isolated incident, but rather with several incidents involving assaultive behavior. You are presently under supervision for an assaultive offense. Although the records indicate you have a good employment record, the records also reflect that you purposely chose to ignore the agent's instructions. Warnings by both agent and supervisor, and not be completely [sic] with both agent and a previous employer.

The aggravating reasons, as found by the Board, must also be supported by substantial evidence contained in the record. *Cf. Pierce v. Pennsylvania Board of Probation and Parole*, 92 Pa. Commonwealth Ct. 457, 500 A.2d 181 (1985) (Board bears the burden of justifying its recommitment time by substantial evidence). Our review of the record, in particular the Parole Violation Report, Board form PBPP-257B, dated October 21, 1985, provides substantial evidence to support the aggravating reasons listed by the Board. The record clearly shows Harper's counsel was provided with a copy of the PBPP-257B, N.T. (10/30/85) 40-42; R.60-62, and the report itself is part of the record. R.172-174. These aggravating factors, supported by substantial evidence,

are sufficient under 37 Pa. Code §75.3(c) to justify the Board exceeding the maximum presumptive range listed in 37 Pa. Code §75.4 for multiple technical parole violations including a violation of general condition 5C.

However, in view of our holding the violation of 37 Pa. Code §63.4(3)(ii) is not supported by substantial evidence, we are required to remand the question of backtime to the Board for its reconsideration in light of that holding. While there are sufficient aggravating reasons to justify the imposition of twenty-four months backtime for the remaining parole violations, the imposition of backtime is solely a matter for the Board's discretion. *Gundy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984). That being so, we may not usurp the Board's discretion by presuming it would impose the same backtime for multiple counts of violations of two, rather than three, parole conditions. *Cf. Green v. Pennsylvania Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 132, 515 A.2d 1006 (1986) (judicial discretion will not be substituted for administrative discretion in parole matters).

Harper next contends the Board failed to prove parole ceased to be an effective rehabilitative tool. Harper's argument is misplaced. The burden of showing the continued viability and effectiveness of parole as a rehabilitative tool, once the Board has proven the parole violation or violations, by a preponderance of the evidence is upon the parolee, not the Board. *O'Hara v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985). Once the Board has established the fact a parole violation has occurred, there is a presumption parole has ceased to be an effective tool for rehabilitating the parolee. The burden is then upon the parolee to show, despite the parole violation, parole remains a viable and effective means of

rehabilitation. *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973); *Simmons v. Pennsylvania Board of Probation and Parole,* 74 Pa. Commonwealth Ct. 283, 459 A.2d 897 (1983). *See also Pickert v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 44, 514 A.2d 252 (1986) (BARBIERI, J., concurring). Despite the evidence he presented of a good employment history, we cannot say the Board abused its discretion, in light of the parole violations and his poor parole adjustment history, when it determined Harper was no longer a good parole risk.

The remaining issues raised by Harper, concerning mainly alleged technical defects in his arrest and detention by the Board and alleged procedural defects in his Violation Hearing were not raised before the Board either at the Violation Hearing or on administrative appeal. Therefore, pursuant to Section 703(a) of the Administrative Agency Law, 2 Pa. C. S. §703(a), and Pa. R.A.P. 1551(a), those issues are waived and cannot be considered for the first time on judicial appeal. *Seifrit v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 226, 514 A.2d 654 (1986); *Lantzy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 626, 477 A.2d 18 (1984).

Having thus disposed of Harper's contentions, we reverse the Board's finding he violated 37 Pa. Code §63.4(3)(ii) and remand the matter to the Board for its reconsideration of the imposition of backtime consistent with this opinion.

ORDER

Now, January 20, 1987, the Order of the Pennsylvania Board of Probation and Parole at Parole No. 1983-K, dated February 28, 1986, denying administrative relief to Michael Thomas Harper, is hereby reversed and the parole revocation order at Parole No. 1983-K, dated De-

cember 19, 1985, is hereby reversed insofar as it finds Michael Thomas Harper violated 37 Pa. Code §63.4(3)(ii) and affirmed insofar as it finds Michael Thomas Harper violated 37 Pa. Code §§63.4(4) and 63.4(5)(iii). The matter is remanded to the Pennsylvania Board of Probation and Parole for reconsideration of the imposition of backtime for the remaining parole violations consistent with this opinion. The Motion of Michael Thomas Harper to vacate this Court's prior appointment of counsel is hereby denied and his Motion to Delete Documents from the Certified Record and his Motion for Summary Relief are hereby quashed.

Jurisdiction is relinquished.