## Commonwealth v. Rubei

Patricia Ranieri, assistant district attorney, for the Commonwealth.

Craig M. Kellerman, for defendant.

SUBERS, J., January 19, 1989—This is Guy Frank Rubei's appeal from our denial of his petition for allowance of appeal nunc pro tunc. The facts may be briefly stated:[1] On December 1, 1986 the Whitpain Township Police Department cited petitioner for driving without a valid operator's license.[2] Again, on December 16, 1986 the Pennsylvania State Police cited petitioner for driving without a valid license. Petitioner pled guilty to both charges by paying the fine before the district justice. He then filed the instant petition for allowance of appeal

1. There are no notes of testimony from our hearing on this petition because there was no testimony presented. Both petitioner and the Commonwealth presented argument from which we garnered the facts as stated.

2. 75 Pa.C.S. §1501(a).

nunc pro tunc on July 15, 1988. Following oral argument, we denied the petition on October 3, 1988. The instant appeal followed.

## ISSUE

Whether petitioner should have been granted leave to appeal nunc pro tunc.

## DISCUSSION

Appeals from summary convictions are to be filed within 30 days pursuant to Pa.R.Crim.P. 86(a). It is well established that to grant a petition for leave to appeal nunc pro tunc the court must find that the failure to file a timely appeal was caused by "fraud or its equivalent" or because of a breakdown in the court's operation. *Commonwealth v. Englert,* 311 Pa. Super. 78, 457 A.2d 121 (1983). Judicial extensions in the absence of fraud are prohibited by the Judicial Code. 42 Pa.C.S. §5504. It is petitioner's burden to prove fraud or a breakdown in the court's operation. Petitioner has clearly not met his burden. No excuse was given for petitioner's failure to file a timely appeal. Indeed, petitioner presented no testimony to support his petition nor could he point to any fraud or breakdown in the court's operation, in oral argument or in the petition itself.

In his petition, Mr. Rubei claims that there was no conviction at the district justice level and, even if there was, the conviction is illegal because he was licensed to drive. These claims go to the merit of the underlying conviction; they do not provide a basis for finding that there was fraud or a breakdown in the court's operation that would excuse his failure to file a timely appeal.

Nevertheless, there clearly was a conviction before the district justice. By paying the fine, petitioner pled guilty. See 75 Pa.C.S. §650(b). On this

288

ground alone, we could have dismissed the petition since it is doubtful whether there is any right to appeal following a plea of guilty to a summary offense. See *Commonwealth v. Meshey,* 278 Pa. Super. 73, 419 A.2d 1363 (1980), citing *Commonwealth v. Kauffman,* 249 Pa. Super. 600, 377 A.2d 986 (1977). In the absence of a rule of procedure providing for the waiver of a hearing before the district justice on a summary offense and an immediate transferral of the case to common pleas court, the entry of a guilty plea and thereafter filing an appeal is improper and will not be permitted.

## CONCLUSION

Based upon the foregoing analysis, our denial of the petition for leave to appeal was proper and should be affirmed.