592 A.2d 98

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Donald J. NICHOLAS, Appellant.**

Superior Court of Pennsylvania.

Argued April 24, 1991.

Filed June 10, 1991.

Leonard V. Tenaglia, Media, for appellant.

Nicholas J. Casenta, Jr., Asst. Dist. Atty., Downingtown, for Com., appellee.

Before KELLY, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Chester County denying the appellant Donald Nicholas' petition to remand his case for trial

and/or petition for allowance of appeal nunc pro tunc. We affirm.

The parties are not in dispute as to the material facts. Thus, for purposes of review, we will adopt Nicholas' version of the events which preceded the filing of this appeal.

On November 18, 1989, Officer J. Fetterman, of the Schuykill Township Police issued citation No. G27221 to Petitioner Donald J. Nicholas. The citation alleged that Mr. Nicholas "did with intent to harass, annoy & alarm another person [follow] her about public roads from Schuykill Elementary to residence." (R. 10a, 40a). Mr. Nicholas was served [with] the citation by certified mail at his home in Wilmington, DE, on December 20, 1989. Mr. Nicholas [pleaded] not guilty and a hearing was scheduled January 24, 1990 before Phoenixville District Justice John T. Jeffers (R. 11a). On January 24, 1990, Petitioner suffered the loss and death of his father. Just prior to [his] hearing on January 24, 1990, Petitioner presented himself to the District Court with a check from the Phoenixville Education Association in the amount of $100.50 and stated to the court that he did not care what it did but that he was not staying because of the death of his father. (R. 11a–12a, 24a).

The District Court [chose] not to hold the scheduled hearing on January 24, 1990, but instead notified Mr. Nicholas that the $100.50 check was accepted as security for appearance at a hearing scheduled February 12, 1990 (R. 12a, 19a). On February 12, 1990, neither the Petitioner nor the complainant appeared.

The District Court held an in chambers hearing where, based solely on the hearsay testimony of Officer Fetterman, who issued the citation, the Court found Mr. Nicholas guilty of harassment. (R. 14a–15a).

On February 13, 1990, the District Court sent a letter to the Petitioner. . . . The letter states that Mr. Nicholas was adjudged guilty of harassment as per the citation, and hearing on February 12, 1990 and [the letter] advised the following: "You are to pay fine and costs of $19.00 to

this office within the next thirty (30) days or you must file an appeal to this decision within the same 30–day period." (R. 41a, Exhibit D–2).

Mr. Nicholas has been a school teacher in the Phoenixville Area School District for the last seven years. In 1988 he was designated to act as chairman of the Teacher–Union's Welfare Committee for purposes of contract negotiations with the School District and was actively engaged as chief negotiator for the Phoenixville Area School District during a lengthy thirty-four (34) day teacher's strike that began September 19, 1989 and ended November 3, 1989. The Phoenixville School District notified Mr. Nicholas on April 24, 1990 that it was moving to employment suspension to dismiss him from employment for "immorality" based on the conviction on February 12, 1990.

It was receipt of notice of the School District's intention to terminate that compelled Mr. Nicholas to review the events of January 24, 1990 and what followed. (R. 26a).[1] [ . . . .][2] Based upon the above, Mr. Nicholas filed a Petition with the Court of Common Pleas seeking, in the alternative, either an order remanding the summary matter to the District Justice for an actual trial, or in the alternative, an order allowing an appeal to the Common Pleas Court nunc pro tunc. After hearing, the [trial] court denied the Petition and this appeal followed.

Appellant's brief, at 4–6.

Nicholas raises the following issues for our consideration: (a) whether a "breakdown in the court's operation" occurred

1. Nicholas' employment was terminated on April 19, 1990. His petition with the trial court was filed on May 3, 1990. An evidentiary hearing was held on May 29, 1990. This appeal was perfected on June 22, 1990.

2. Nicholas also claims that he
intended to defend the claim of harassment and that much is evidenced by his request for [a] hearing. (R. 27a). Due, however, to the death of his father and the impact it had upon Mr. Nicholas and his family, an ability to think clearly and intelligently about the situation eluded him. Mr. Nicholas, a loving and caring family man, was not at the time in a position to intentionally abandon or fail to exercise his right to [a] hearing. (R. 25a).
Appellant's brief, at 6.

in this instance so as to allow him to appeal his summary conviction nunc pro tunc and (b) whether he knowingly and intelligently waived his appeal rights. After a review of the parties' briefs, the trial court opinion and the applicable law, we are constrained to agree with the trial court that Nicholas' petition was properly denied.[3] In so deciding, we echo the sentiments of the trial court that "hard cases should not automatically result in bad law." Trial court opinion, at 5.[4]

▪ Nicholas correctly notes that a defendant may appeal a summary conviction nunc pro tunc when he can establish a breakdown in the operation of the court. *Commonwealth v. Englert,* 311 Pa.Super. 78, ·457 A.2d 121 (1983).[5] He argues that such a breakdown occurred when (a) the district justice conducted at trial in chambers in violation of the Pennsylvania Constitution, Art. I, § 11 and Pa.R.Crim.P. 83; (b) the district justice incorrectly advised him of the amount of his fine in violation of Pa.R.Crim.P. 84; and (c) the district justice incorrectly advised him of his appellate rights. These issues are without merit. Additionally, none of these alleged errors constitute a breakdown in the system such that an appeal effort would have been thwarted.

3. "Our scope of review of a decision of whether to permit an appeal nunc pro tunc is limited to a determination of whether the trial court has abused its discretion or committed an error of law." *Commonwealth, Dep't of Transportation v. Moore,* 120 Pa.Commw. 617, 621, 554 A.2d 130, 132 (1988).

4. The trial court concluded:
I sympathize with Mr. Nicholas, and if there were any way, within the confines of the law as I understand it, to give him relief, I would be more than happy to do so. Unfortunately, I am of the opinion that for me to grant him the relief he seeks would require me simply to ignore the legal predicates for such relief, and I cannot and should not do so.
Trial court opinion, at 5.

5. In *Englert,* this Court stated:
When an Act of Assembly fixes the time within which an appeal may be taken, courts are without power to extend the period or allow an appeal nunc pro tunc absent fraud or its equivalent or some breakdown in the court's operation.
*Id.* 311 Pa.Super. at 81, 457 A.2d at 123. *See also Commonwealth v. Anwyll,* 333 Pa.Super. 453, 482 A.2d 656 (1984).

■ Pa.R.Crim.P. 83, titled "Trial in Summary Cases," provides in pertinent part:

(b) If the defendant pleads not guilty, the issuing authority shall try the case in the same manner as trials in criminal cases are conducted in the courts of common pleas when jury trial has been waived....

This is the provision to which Nicholas is referring when he complains that the District Justice's in-chambers hearing violated Rule 83 and the State Constitution. First, this issue could have been raised on appeal. *See* Pa.R.Crim.P. 86; *Commonwealth v. Bassion,* 390 Pa.Super. 564, 567, 568 A.2d 1316, 1318 (1990). Second, Nicholas himself did not appear at his hearing. Thus, it seems odd that at this stage he is contesting that his right to a public court was violated.

■ Pa.R.Crim.P. 84, titled "Trial in Defendant's Absence" provides:

(a) If the defendant fails to appear for trial in a summary case, the trial may be conducted in the defendant's absence.

(b) At trial, the issuing authority shall proceed to determine the facts and render a verdict.

(c) If the defendant is found not guilty, any collateral previously deposited shall be returned.

(d) If the defendant is found guilty, the issuing authority shall impose sentence, and shall notify the defendant of the conviction and sentence by first class mail. Any collateral previously deposited shall be forfeited and applied to payment of the fine and costs. When the amount of collateral deposited is more than the fine and costs, the balance shall be returned to the defendant. When the amount of collateral deposited does not satisfy the fine and costs, the issuing authority may issue a warrant for the defendant's arrest.

Nicholas argues that the District Justice incorrectly informed him of the amount of his fine and the costs of prosecution. Moreover, he contends that the notice of his right to appeal was ambiguous and that he was under the

impression that his appellate remedies extended only to the amount of the fine and not to the adjudication of guilt.

We find this first argument to be frivolous,[6] inasmuch as Nicholas acknowledged at an evidentiary hearing on May 29, 1990 that the $19.00 cost was paid.[7] *See* N.T., May 29, 1990, at 23. *See also id.* at 13. In addition, even if Nicholas was confused as to the amount of his sentence, he still forfeited his right to appeal the substantive merits of his conviction by failure to file an appeal timely.[8]

Here, we reproduce the contents of the letter, dated February 13, 1990, that was mailed to Nicholas in accordance with Pa.R.Crim.P. 84.

Mr. Nicholas:

On February 12, 1990, you were adjudged guilty of Harassment as per citation G27221 and the hearing held on February 12, 1990. You are to pay fine and costs of $19.00 to this office within the next thirty (30) days or you must file an appeal to this decision within the same 30–day period. If an appeal is filed in the Court of Common Pleas, West Chester, a hearing will be held de nova. [sic] If you have any further questions please contact this office. Thank you. [Secretary to John Jeffers].

From the foregoing, it appears that Nicholas did not

6. We note that Nicholas' petition does not contain a claim that the District Justice's letter was ambiguous. *Cf.* Memorandum in Support of Petition for Allowance of Appeal Nunc Pro Tunc.

7. The $19.00 reflected sums expended as a result of the issuance of two witness subpoenas. N.T., May 29, 1990, at 10.

8. At the evidentiary hearing, Nicholas' attorney argued the following: [W]hat I do think is that the breakdown in the court system occurs when the rules of criminal procedure which pertain are not strictly complied with. And under circumstances where the evidence in the case is that a public trial was not conducted and where the further documentary evidence in the case is that the defendant was not specifically notified of what the sentence of the court is, as is explicitly required by the rules, then that failure constituted a breakdown in the court system that I think entitled the defendant to a remand in this matter, or to appeal nunc pro tunc.
N.T., May 29, 1990, at 27–28.

contest his fine,[9] and, also, that he was clearly advised of his appellate rights. He did nothing to challenge his conviction until he was notified that his job was in jeopardy due to his misconduct. Unfortunately, the failure to anticipate the collateral consequences of a conviction is not a reason to allow a defendant to appeal nunc pro tunc. *Commonwealth v. Liptak*, 392 Pa.Super. 468, 573 A.2d 559 (1990); *Commonwealth v. Bassion*, 390 Pa.Super. 564, 568 A.2d 1316 (1990)); *Commonwealth v. Englert*, 311 Pa.Super. 78, 457 A.2d 121 (1983).

■ Nicholas next contends that he did not knowingly and intelligently waive his appellate rights. He asserts that he was under stress as a result of his father's death and was "emotionally unable" to render a decision regarding his appeal. The trial court, in its opinion, wrote:

Mr. Nicholas claims that he was in such a state of emotional shock that he was not paying attention to his daily affairs, and that this is the reason why he pleaded guilty and then allowed the appeal period to lapse without taking any further action. I asked counsel at oral argument whether there was any case law saying that emotional shock or something of that sort is sufficient to excuse a failure to file a timely appeal, and counsel was candid enough to advise that he could find no such case. I am unable to find any such cases either.

9. In fact, on January 24, 1990, Nicholas paid to the District Court the sum of $100.50, which was accepted as security for the $50.00 fine and the $50.50 cost of prosecution to which he was sentenced on February 12, 1990. When added to the cost of the subpoenas ($19.00), the total amount owed for prosecution was $69.50. From the $119.50 sentence, the District Court deducted the $100.50 previously paid and charged Nicholas the $19.00 balance. Regardless of whether all of this information was contained in the February 13, 1990 letter, Nicholas paid the entire amount and did not complain of a violation of Pa.R.Crim.P. 84 until the evidentiary hearing. *Cf.* Memorandum in Support of Petition for Allowance of Appeal Nunc Pro Tunc. Moreover, any alleged violations of Rule 84 could have been raised specifically within 30 days of the summary conviction and do not constitute fraud or a breakdown in the system such that would justify reversing the trial court's decision now.

Trial court opinion, at 3. We have researched this issue independently, and there appears to be only one case even remotely on point. In *Borough of Bellefonte v. Commonwealth, DER*, 131 Pa.Commw. 312, 570 A.2d 129 (1990), the Commonwealth court rejected the argument that emotional distress was an excuse for a secretary's negligent performance of her duties. *Cf. Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979). *See also Goldberg v. Goldberg*, 315 Pa.Super. 333, 461 A.2d 1307 (1983) (mere hardship will not warrant an appeal nunc pro tunc).

The facts here convince us that there was no breakdown in the operation of the court sufficient to warrant Nicholas' appeal nunc pro tunc. We find that Nicholas was clearly informed of his appellate rights and his motivation for exercising them was sparked by his employment situation, not by his pursuit of justice at the onset. Thus, having failed to sustain his burden of proof and having failed to comply with the procedural rules, Nicholas' claims must be rejected. We affirm the trial court's decision to deny Nicholas' petition for allowance of appeal nunc pro tunc or, in the alternative, his petition to remand his case for trial.

Order affirmed.