**Commonwealth v. Strohecker**

25

*James M. Schall*, district attorney, for the Commonwealth.

*Joseph C. Michetti, Jr.,* for petitioner.

KAYE, *J.,* October 18, 1994—Randy L. Strohecker has before the court a petition for leave to file an untimely appeal from a conviction of a summary violation under the Vehicle Code. For the reasons that follow, we will deny the petition.

The factual background of this case is as follows: On February 15, 1994, petitioner was charged with speeding at a rate of 79 miles per hour in a 55 mile per hour zone on Interstate Route 70 in Bethel Township, Fulton County. Petitioner was operating a tractor-trailer combination at the time of the alleged offense.

Thereafter, petitioner paid the fine set forth on the citation to the appropriate district justice. Subsequently, by notice dated April 5, 1994, the Bureau of Driver Licensing notified petitioner that his driving privileges were being suspended for 60 days, effective May 10, 1994, by reason of his conviction for speeding as set forth above.

Upon receipt of the foregoing notice, petitioner contacted legal counsel who commenced the instant action on August 24, 1994, after he had filed an appeal from the suspension of his driving privileges on May 4, 1994 in Northumberland County, his county of residence.

A hearing in the latter matter originally was scheduled for August 17, 1994, but on the latter date that appeal was dismissed pursuant to a stipulation that the driving privilege suspension would be reinstated no earlier than November 15, 1994 unless defendant's speeding conviction was reversed.

We held a hearing on the petition on October 4, 1994 at the conclusion of which we requested that petitioner provide us with a memorandum in support of his position. We have considered the evidence and the memorandum, and the case is now in a posture for decision.

Petitioner's position largely is that he is a commercial truck driver who has a family to support, and his only employment prospects are through his ability to maintain his driver's license. He further asserted that he had paid the speeding fine as a matter of expediency, and that he did not think he was driving as fast as the police had asserted because his truck cannot be driven that fast, but he did not assert his innocence of the speeding offense, *i.e.* he apparently acknowledged speeding, but at a lower rate than that which was charged.

In his memorandum, petitioner has failed to cite any law that supports his position. Indeed, one of the cases he cited, *Commonwealth v. Nicholas,* 405 Pa. Super. 242, 592 A.2d 98 (1991), *alloc. den.,* 529 Pa. 647, 602 A.2d 858 (1992), resulted in a *denial* of a petition to permit the filing of an appeal nunc pro tunc when defendant failed to appear for a summary trial, and the trial proceeded in his absence. The resulting conviction brought about an action to terminate defendant's position as a schoolteacher on grounds of "immorality" for which the basis was the summary criminal conviction. It was specifically held that the defendant's failure to anticipate the collateral consequences of the

conviction was not a reason to permit an appeal nunc pro tunc. (Citing *Commonwealth v. Liptak,* 392 Pa. Super. 468, 573 A.2d 559 (1990); *Commonwealth v. Bassion,* 390 Pa. Super. 564, 568 A.2d 1316 (1990); *Commonwealth v. Englert,* 311 Pa. Super. 78, 457 A.2d 121 (1983). See also, 42 Pa.C.S. §5504; *Commonwealth v. Duffey,* 536 Pa. 436, 639 A.2d 1174 (1994).)

We find that defendant has failed to assert fraud or a breakdown of the judicial system that would provide a basis for enlarging the time for filing the instant appeal, and that there is in fact *no* legal basis for granting the relief being sought. Therefore, we will deny the relief sought.

### ORDER

Now, October 14, 1994, defendant's motion for allowance of appeal nunc pro tunc is denied.