William Pierce, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

458

Submitted on briefs August 26, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Scott F. Breidenbach,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, for respondent.

Opinion by Judge Doyle, October 29, 1985:

William Pierce (Petitioner) petitions for review of a Pennsylvania Board of Probation and Parole (Board) order recommitting him to serve nine months recommitment time as a technical parole violator and eighteen months recommitment time as a convicted parole violator. The only issue before us is whether the Board erred in failing to give Petitioner credit for time spent in custody from the period of August 3, 1983 to May 9, 1984.

In September of 1980 Petitioner was sentenced to concurrent terms of one to five years for criminal attempt at murder and aggravated assault. The effective date of the sentence was March 6, 1980 with a

maximum expiration date of March 6, 1985. Petitioner was paroled from the State Correctional Institution at Graterford (Graterford) on March 28, 1981. On August 3, 1983 Petitioner was arrested for technical parole violations and a Board warrant and detainer was posted on August 4, 1983. Petitioner was then transferred to Graterford. On September 6, 1983, while he was at Graterford, the Upper Merion Township police department lodged its detainer against Petitioner charging him with new criminal offenses. Petitioner was convicted of the new criminal charges on February 28, 1984 and sentenced on May 9, 1984. Petitioner waived a full Board hearing and on May 24, 1984 was afforded a violation and revocation hearing. On August 1, 1984 the Board ordered Petitioner recommitted to serve time for both technical and convicted parole violations. Petitioner does not attack the Board's findings that he was a convicted and technical parole violator. He argues only that from the time he was arrested pursuant to the Board's warrant (August 3, 1983) until the time he was sentenced on the new criminal charges (May 9, 1984) there is no evidence to show that he did not remain in custody solely because of the Board's detainer and hence that that nine month period of time must be credited toward the recommitment time of his original sentence.[1] Petitioner properly preserved this issue by raising it in his petition for administrative relief before the Board.

Petitioner relies upon *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568

---

[1] The Board indicated and Petitioner does not specifically dispute that he was given credit for the time from August 3, 1983 until September 6, 1983, the period for which the Board contends Petitioner was detained solely on authority of its warrant. Inasmuch as we must remand this case for possible recomputation of Petitioner's time, we leave it to the Board to clarify this matter.

(1980). In *Gaito* the Pennsylvania Supreme Court held that "time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term . . . only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Gaito* at 403, 412 A.2d at 571, quoting *Rodriques v. Pennsylvania Board of Probation and Parole*, 44 Pa. Commonwealth Ct. 68, 71, 403 A.2d 184, 185-86 (1979). The question thus becomes did Petitioner here qualify for bail.

In the certificate of the chairman of the Board, which document was part of the record certified to this Court, the chairman indicated that Petitioner had not posted bail. Petitioner filed a motion to strike the chairman's statements pertaining to bail contending (1) that the issue of Petitioner's bail was not dealt with during the revocation hearing and was not a part of the record and (2) that the statements of the Board's chairman as to the bail issue were not properly within the scope of evidence permitted by such certificate under Section 8 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.8. Section 8 provides that "[t]he certificate of the chairman of the board . . . shall be accepted in evidence . . . as adequate and sufficient proof of the acts and proceedings of the board . . . ." Specifically Petitioner contends that the question of whether he posted bail was not an act or proceeding *of the Board.* The Board filed no response to Petitioner's motion to strike and by order dated July 11, 1985 this Court granted Petitioner's motion. Accordingly, Petitioner is correct in contending that there is no evidence of record to demonstrate that he had not posted bail.

The Board does not deny that the question of bail was not an issue at the revocation hearing. The

Board, instead, correctly points out that while it can hold a revocation hearing and issue an order recomitting a parole violator as soon as the new criminal conviction occurs, it is often unable to compute and apply credit pursuant to the recommitment until after sentencing occurs. The Board gives the following example. If a parolee is held both because of new criminal charges and because of a Board detainer, presentence custody credit will be applied to his *original* sentence if the parolee is *not* sentenced to a term of confinement, but to his *new* sentence if he *is*. Hence, until sentencing occurs, the Board can not compute custody credit. Thus, the fact that bail was not placed in issue at the revocation hearing is understandable.

The Board has suggested that in instances such as this Petitioner's remedy is to petition the Board for a hearing solely upon this issue. We agree. We decline, however, to adopt the Board's suggestion that at such hearing the Petitioner should bear the burden of proving that he posted bail. The computation of recommitment time, including the proper crediting of time spent in custody solely on a Board warrant, is a determination made by the Board just as is the determination that a petitioner did in fact violate his parole. Accordingly, the Board must bear the burden of justifying its computation of recommitment time by presenting substantial evidence that bail was not posted.[2] The Board meets this burden by presenting records pursuant to 37 Pa. Code §71.5(d). *See Davis v. Pennsylvania Board of Probation and Parole,* 85 Pa. Commonwealth Ct. 278, 481 A.2d 714 (1984). A Peti-

---

[2] Substantial evidence is the standard of proof applied to the Board's findings of fact. *See, e.g., Anderson v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 574, 472 A.2d 1168 (1984).

462

tioner can then rebut this evidence by demonstrating that the Board's evidence inaccurately reflects that he did not post bail. Because in this case we are unable to determine whether Petitioner was properly credited with time spent in custody until the factual question of whether he qualified for bail on the new charges is determined we must remand this case to the Board for such a determination and recomputation if necessary. *Gaito.*

ORDER

Now, October 29, 1985, the order of the Board of Probation and Parole in the above captioned matter is vacated and this case is remanded to the Board for further proceedings consistent with this opinion. Jurisdiction relinquished.