# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roger Allen Angelo, Jr.,          :
                    Petitioner    :
                                  :
          v.                      :
                                  :
Pennsylvania Board of Probation and :
Parole,                           :     No. 717 C.D. 2015
                    Respondent    :     Submitted: September 25, 2015


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
          HONORABLE MARY HANNAH LEAVITT, Judge
          HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI                    FILED: October 16, 2015


          Pending before this Court is the application to withdraw appearance
(withdrawal application) filed by David Crowley, Esq. (Counsel) and petition for
review he filed on behalf of Roger Allen Angelo, Jr. (Petitioner) from an order of the
Pennsylvania Board of Probation and Parole (Board) recommitting Petitioner as a
convicted parole violator (CPV) and recalculating his parole violation maximum
sentence date. Counsel seeks permission to withdraw from representing Petitioner on
the basis that his appeal is without merit. For the reasons that follow, we affirm the
Board's order and grant Counsel leave to withdraw.

## I.

In 2004, Petitioner was sentenced to serve three to fifteen years as a result of a conviction for robbery resulting in serious bodily injury, with a minimum release date of July 24, 2006, and a maximum date of July 24, 2018. Petitioner was released on parole from the State Correctional Institution at Somerset on July 24, 2006.

On December 2, 2013, Petitioner was arrested for aggravated assault, possession of a prohibited firearm, alteration/obliteration of a mark of identification, unlawful contact with a minor – open lewdness, endangering the welfare of children, possession/use of drug paraphernalia, and open lewdness.[1] After Petitioner waived his right to a detention and violation hearing, the Board ordered him detained pending disposition of the criminal charges and recommitted him as a technical parole violator (TPV)[2] to serve six months, without credit being awarded for the time spent at liberty on parole.

---

[1] Specifically, when Petitioner was arrested, the Pennsylvania State Police performed a search of his residence which recovered a bag containing hypodermic needles, a marijuana-smoking device, a large-capacity magazine for a 9 millimeter firearm with several live rounds, a box of 9 millimeter hollow-point ammunition, and a loaded 9 millimeter handgun under the living room couch cushion. Although Petitioner was charged with all of these counts, some were added at the preliminary-hearing stage.

[2] Condition 5(a) governing Petitioner's parole stated, "You shall…abstain from the unlawful possession or sale of narcotics and dangerous drugs and abstain from the use of controlled substances within the meaning of the Controlled Substance, Drug, Device, and Cosmetic Act[, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101–780-144] and the Liquor Code[, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1-101–10-1001]." (Certified Record at 9.) Further, condition 5(b) required Petitioner to "refrain from owning or possessing any firearms or other weapons." (*Id.*)

On September 23, 2014, Petitioner pled guilty to possession of a prohibited firearm, alteration/obliteration of a mark of identification, and possession/use of drug paraphernalia. Petitioner was sentenced to four to eight years at a state correctional institution with regard to the first charge to which he pled guilty, with all other counts being dismissed. Petitioner waived his right to a revocation hearing and to counsel and admitted that he was found guilty of possessing a prohibited firearm, altering/obscuring a mark of identification, and using/possession drug paraphernalia. The Board recommitted Petitioner as a CPV to serve twenty-four months of back time, running concurrently with the back time imposed for his technical parole violations (for a total of twenty-four months of back time). The Board determined that Petitioner owed 4,383 days on his original sentence (or exactly twelve years, based on his parole date of July 24, 2006, and his initial maximum date of July 24, 2018), less six of those days during which he was not at liberty while on parole.[3] Adding 4,377 days to the date on which the Board found Petitioner available to begin serving, September 23, 2014, yielded a new maximum date of September 17, 2026.

Petitioner filed *pro se* a timely administrative appeal, claiming that the Board improperly recalculated the maximum sentence date to September 17, 2026, because it exceeds the entire remaining balance of his original maximum sentence. He further contended that the Board violated the separation of powers doctrine by

---

[3] These six days were from December 16, 2010, to December 22, 2010, when Petitioner was ordered to enter and complete a halfway-back program.

altering a judicially imposed maximum sentence expiration date and that his due process rights were contravened by *ex parte* fact finding in the recalculation process.

By order mailed April 3, 2015, the Secretary of the Board issued a decision explaining the Board's order:

> The Board accepted your hearing waiver on November 21, 2014 and determined that sufficient evidence was present to recommit you for violations of your parole, specifically the new conviction of possession of a firearm, alter/obliterate mark, and possession of drug paraphernalia. You were afforded notice, an opportunity to be heard, a panel and availability of counsel. The Board relied on the certified court record establishing your new criminal convictions and the Board form in which you knowingly, voluntarily, and intelligently waived your hearing. This is sufficient to recommit you as a convicted parole violator. Therefore, there is no support for your claim of a due process violation merely because you are unsatisfied with the Board's decision.

> Furthermore, because the offense [that] occurred while you were on parole was punishable by imprisonment and resulted in convictions in a court of record, the Board has discretion to recommit you as a convicted parole violator. 61 Pa. C.S. §6138(a)(1).... Moreover, since the Board chose to recommit you as a convicted parole violator, your original sentence had to be recalculated to reflect that you received no credit for the period you were at liberty on parole. 61 Pa. C.S. §6138(a)(2). As such, the Board acted within its authority by recommitting you as a convicted parole violation [*sic*] and recalculating your maximum sentence date to reflect that you received no credit for the time you were at liberty on parole.

(Certified Record at 106.) This appeal followed.

4

## II.

In the petition for review, Petitioner asserted via Counsel that the Board erred in: (1) failing to credit Petitioner's sentence with the time to which he was entitled; and (2) unconstitutionally recalculating his parole violation maximum date to a date which exceeds the entire remaining balance of his judicially imposed sentence.

Subsequently, Counsel filed a withdrawal application claiming that after reviewing the certified record, his notes from his interview with Petitioner and his correspondence, he has determined that the instant appeal is without merit. Specifically, in his brief to this Court, Counsel advised that with regard to the Board's recalculation of Petitioner's maximum release date from July 24, 2018, to September 17, 2026, Section 6138(a)(2) of the Prison and Parole Code,[4] "provides that a parolee who is convicted of committing a crime punishable by incarceration while on parole may be recommitted to serve the unserved balance of his original maximum sentence and may be denied credit for 'the time at liberty on parole.'" (Br. for Applicant at 17.) Noting that Petitioner was released on parole on July 24, 2006, Counsel explains that he had exactly twelve years or 4,383 days left of his original sentence. When

---

[4] Section 6138(a)(2) of the Prison and Parole Code provides:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2).

5

given credit for the six days Petitioner was detained from December 16, 2010, through December 22, 2010, this balance was reduced to 4,377 days.

Counsel continues that Petitioner was next detained on a Board warrant on December 2, 2013, in lieu of $50,000 bail and was subsequently sentenced to a period of four to eight years with regard to his new crimes. Counsel then explains that pursuant to *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003) and *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980), pre-sentence confinement credit was properly credited toward Petitioner's new sentence and may not be used to reduce the unserved balance of his original sentence.

Further, Counsel states that Section 6138(a) of the Prison and Parole Code[5] requires that state parole back time and a new sentence underlying a recommitment as a CPV to be served in consecutive order, meaning that Petitioner will not begin to serve time with respect to his new sentence until he is re-paroled

---

[5] Section 6138(a)(5)(i) of the Prison and Parole Code provides:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa. C.S. §6138(a)(5)(i).

from his initial sentence or satisfies the maximum sentence date because he must serve his state parole back time first. Accordingly, because there was an outstanding order to recommit Petitioner as a TPV, Counsel avers that Petitioner became available to serve his back time on the date of his sentencing, September 23, 2014, and that when the 4,377-day period is applied, his maximum date becomes September 17, 2026, as calculated by the Board.

With respect to the Board's failure to credit Petitioner for time served as alleged in the petition for review, Counsel states that the Board may have failed to credit Petitioner for back time during a period when Petitioner resided in a community corrections center following his initial release on parole. Nonetheless, Counsel notes that this issue has been waived because Petitioner did not assert it in his administrative appeal.

Regarding the other issues Petitioner did raise in his administrative appeal, Counsel has determined that they are, likewise, without merit. With regard to Petitioner's separation of powers' assertion, Counsel states:

> Contrary to [that] assertion, a sentencing court imposing a sentence of total incarceration to be served in a state correctional facility does not impose a maximum sentence date. Unless the sentence is for a summary offense or a sentence to life imprisonment, the sentencing court is required to impose an indeterminate sentence with a minimum term (which controls parole availability) and a maximum term in years, months or days (or a combination of these) [under 42 Pa. C.S. § 9756]….

7

(Br. for Applicant at 21.)  He also stated that the constitutionality of extensions of parole violation maximum dates for CPVs consistently have been upheld so long as the extension does not exceed the total unserved balance of the original sentence.

Finally, with respect to Petitioner's due process claim, Counsel instructs that Petitioner's remedy was to challenge any facts established *ex parte* at a hearing where the Board has the burden of proof pursuant to *Pierce v. Pennsylvania Board of Probation and Parole*, 500 A.2d 181 (Pa. Cmwlth. 1985).

Counsel also averred that he notified Petitioner of his request to withdraw, provided Petitioner a copy of his brief, transmitted a copy of the certified record to Petitioner, and advised Petitioner of his right to retain new counsel or raise any points he wished the Court to consider *pro se*.

### III.

### A.

Upon review,[6] we first inquire whether Counsel complied with the technical requirements governing the withdrawal of counsel appointed to represent petitioners seeking review of Board determinations.  These requirements differ depending on whether a petitioner's right to counsel is constitutional in nature.  Because appeals alleging that the Board did not properly calculate a petitioner's

---

[6] Our scope of review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation & Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

maximum date do not implicate a constitutional right to counsel, *see Hughes v. Pennsylvania Board of Probation and Parole,* 977 A.2d 19, 25–26 (Pa. Cmwlth. 2009) (*en banc*), counsel need only comply with the requirements set forth in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).  Pursuant to this standard:

> [C]ounsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter which details the nature and extent of the attorney's review and lists each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless….

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (internal quotation marks and citations omitted) (original alternations omitted).[7]  Additionally, counsel must provide to the petitioner a copy of the "no-merit" letter, a copy of the petition to withdraw, and a statement advising the petitioner of his right to proceed *pro se* or via new counsel.  *Id.* at 960.  Where these technical prerequisites are satisfied, the Court

---

[7] Where a constitutional right to counsel is implicated, pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), counsel must:

> (1) notify the court and the defendant of his belief that the appeal is wholly frivolous and of his intent to withdraw; (2) provide a brief to the court and the defendant which includes any matter in the record that could arguably support the defendant's appeal; and (3) advise the defendant of "his right to retain new counsel" or proceed pro se.

*Hughes*, 977 A.2d at 22.  While a distinction is made among *Anders* briefs and no-merit letters, "[i]n recent years, this Court has shown little concern for whether it receives an *Anders* brief or a no-merit letter in a parole revocation matter….  This Court has recently drawn little distinction between whether the case must be 'frivolous' or 'meritless' before counsel may withdraw." *Id.* at 25.

will perform its own review of the merits of the case, and if we find that the claims lack merit, we will allow counsel to withdraw. *Id.*

Here, although Counsel submitted an *Anders* brief and argues that Petitioner's appeal is frivolous, Counsel has complied with the technical requirements. First, Counsel's application to withdraw asserts that he has notified Petitioner of his request to withdraw, provided him a copy of the brief he filed, transmitted a copy of the certified record to Petitioner, and advised Petitioner of his right to proceed *pro se* or through new counsel.

Moreover, Counsel's brief explains that his conclusion is based upon review of the certified record, his notes from his interview with Petitioner, and correspondence with Petitioner. As detailed above, the brief discusses the two issues enumerated in the petition for review as well as the additional arguments Petitioner raised *pro se* in his administrative appeal and analyzes the merits of each argument, applying the relevant statutory authority and case law. Because, facially, the brief sets forth substantial reasons for concluding that Petitioner's arguments are meritless, Counsel complied with the standard governing no-merit letters, and we will conduct an independent review to determine whether the appeal is indeed meritless.

**B.**

**1.**

Regarding Petitioner's claim that the Board erred in recalculating his parole violation maximum date as September 17, 2026, we agree with Counsel's assertions. Section 6138(a)(2) of the Prison and Parole Code, 61 Pa. C.S.

§6138(a)(2), enabled the Board to recommit Petitioner to serve the balance of his remaining maximum sentence without being given credit for the time he was at liberty on parole. Petitioner was released on parole on July 24, 2006, at which time he had exactly twelve years or 4,383 days left of his original sentence. Because the Board did credit him for the six days he spent at the halfway-back program from December 16, 2010, through December 22, 2010, this balance was reduced to 4,377 days.

Petitioner is not entitled to credit for the time he spent detained pursuant to the Board's warrant beginning in December 2013 because that pre-sentence confinement period must be credited toward the new sentence for which Petitioner's parole was revoked. *Gaito*, 412 A.2d at 571.

Further, the 4,377-day period began to run on September 23, 2014, the date on which Petitioner pled guilty and was sentenced with regard to the new crimes, because on that date, his pre-sentence confinement ended and he became available to serve the balance of his original sentence. *See* Section 6138(a)(5)(i) of the Prison and Parole Code, 61 Pa. C.S. §6138(a)(5)(i) (explaining that a parolee who has a new sentence imposed upon him must first serve the balance of the original term where he has been paroled from and is to serve his new sentence in a state correctional institution). Applying the 4,377 days to September 23, 2014, yields an end date of September 17, 2026, as calculated by the Board. Therefore, we agree with Counsel that this claim is without merit.

11

**2.**

With respect to Petitioner's claim that he was not credited for the time he resided in a community corrections center following his initial release on parole, we find this issue waived. Because it was not raised in Petitioner's administrative appeal, we need not address it. *See McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094–95 (Pa. Cmwlth. 1993) (holding that issues not raised before the Board in an administrative appeal are waived for purposes of appellate review).

**3.**

Insofar as Petitioner contends that the Board's recalculation of his maximum sentence violates the separation of powers doctrine, we find no merit in his argument. Section 9756 of the Sentencing Code provides:

> **(a) General rule.--**In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law and whether the sentence shall commence in a correctional or other appropriate institution.
>
> **(b) Minimum sentence.**--
>
> (1) The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.
>
> (2) The minimum sentence imposed under this section may not be reduced through parole prior to the expiration of the minimum sentence unless otherwise authorized by this section or other law.
>
> (3) Except where the maximum sentence imposed is two years or more, and except where a mandatory minimum

12

sentence of imprisonment or total confinement is required by law, the court shall, at the time of sentencing, state whether or not the defendant is eligible to participate in a reentry plan at any time prior to the expiration of the minimum sentence or at the expiration of a specified portion of the minimum sentence. For maximum sentences of less than two years as defined under section 9762(f) (relating to sentencing proceeding; place of confinement), a court may parole a defendant prior to the expiration of the minimum sentence only if the defendant was made eligible to participate in a reentry plan at the time of sentencing. The court shall provide at least ten days' written notice and an opportunity to be heard, pursuant to section 9776 (relating to judicial power to release inmates), to the prosecuting attorney before granting parole pursuant to this subsection. The reentry plan eligibility shall be considered a part of the sentence and subject to the requirements relating to the entry, recording and reporting of sentences.

42 Pa. C.S. §9756.

Under this provision, the sentencing court imposes an indeterminate sentence but specifies the maximum and minimum terms, with the latter controlling parole availability. However, because an inmate may have other sentences which he has to serve, "[t]he Department [of Corrections]…is responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction." *Gillespie v. Department of Corrections*, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987), *appeal denied*, 540 A.2d 535 (Pa. 1988). Further, the Board's decision not to credit Petitioner for the time spent at liberty on parole is legislatively authorized. *See* Section 6138(a)(2) of the Prison and Parole Code, 61 Pa. C.S. §6138(a)(2). Merely requiring a parole violator to return to prison to serve the balance of his remaining term without affording him credit for time spent on parole does not violate the

13

separation of powers doctrine. Indeed, such action aligns with a sentencing court's order and does not contravene it, provided that the recalculated maximum date does not exceed the balance of the unserved original sentence. *See Savage v. Pennsylvania Board of Probation and Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000) ("The Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially-imposed sentence.").

**4.**

Finally, to the extent Petitioner claims his due process rights were violated because his maximum date was calculated *ex parte*, Petitioner was entitled to a hearing at which he could have challenged the accuracy of any facts used to recalculate his sentence. *See Pierce v. Pennsylvania Board of Probation and Parole*, 500 A.2d 181, 183 (Pa. Cmwlth. 1985). However, in this instance, Petitioner waived his right to such a hearing.

Accordingly, having found Petitioner's appeal meritless, we affirm the Board's order and grant Counsel leave to withdraw.

_____
DAN PELLEGRINI, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roger Allen Angelo, Jr.,    :
        Petitioner :
            :
    v.        :
            :
Pennsylvania Board of Probation and :
Parole,          :
        Respondent : No. 717 C.D. 2015

## **O R D E R**

AND NOW, this 16th day of October, 2015, the order of the Pennsylvania Board of Probation and Parole bearing a mailing date of December 22, 2014, is affirmed, and David Crowley, Esq.'s application to withdraw appearance is granted.

                _____

                DAN PELLEGRINI, President Judge