IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Damel Nareef Etheridge,                    :
                              Petitioner   :
                                           :
          v.                               :
                                           :
Pennsylvania Board of Probation and :
Parole,                                    :  No. 885 C.D. 2015
                              Respondent :  Submitted: December 24, 2015


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI                    FILED: January 8, 2016


          Pending before this Court is the motion to withdraw as counsel filed by
James L. Best, Esquire (Counsel) and the petition for review Damel Nareef Etheridge
(Petitioner) filed *pro se* from an order of the Pennsylvania Board of Probation and
Parole (Board) recommitting Petitioner as a convicted parole violator (CPV) and
recalculating his parole violation maximum sentence date.  Counsel seeks permission
to withdraw from representing Petitioner on the basis that his appeal is without merit.

---

[1] This case was assigned to the opinion writer before December 31, 2015, when President
Judge Pellegrini assumed the status of senior judge.

For the reasons that follow, we affirm the Board's order and grant Counsel leave to withdraw.

**I.**

In 2000, Petitioner was sentenced to serve 3.5 to 7 years of imprisonment as a result of his conviction for aggravated indecent assault, with a minimum release date of January 10, 2004, and a maximum date of July 10, 2007. Following multiple paroles and revocations, he was re-arrested for the manufacture/sale/delivery of drugs with intent to distribute, and on May 4, 2009, was sentenced to a term of between 2.75 years and 5.5 years, yielding a minimum release date of December 20, 2011, and a maximum date of September 20, 2014. Petitioner was again paroled on April 1, 2012, and was subsequently re-arrested for driving under the influence (DUI) on February 9, 2014, but was permitted to remain on parole subject to his agreement to undergo out-patient drug and alcohol counseling.

On June 19, 2014, Petitioner was arrested for possessing with the intent to distribute 39 bags of crack cocaine (a felony) and for possessing 10 bags of synthetic marijuana (a misdemeanor), and the following day he was detained as a technical parole violator (TPV). A hearing on his status as a TPV was held on June 24, 2014, at which time he waived his rights to a preliminary hearing, a violation hearing and counsel and admitted his technical parole violation. By Board order dated August 5, 2014, Petitioner was recommitted as a TPV to serve his unexpired 3-month term of his maximum sentence and was ordered detained pending disposition of the criminal charges.

2

Subsequently, on October 2 and 3, 2014, Petitioner was found guilty on one felony count of possession with intent to deliver a controlled substance and DUI in the Court of Common Pleas of Berks County, Criminal Division. With regard to the DUI charge, he was recommitted for a period ranging from 72 consecutive hours to 6 months, with credit for 3 days of time served. He was also sentenced to 1–2 years for possession of a controlled substance with intent to deliver and given credit for 106 days of time served with respect to his drug charge. Following the new convictions, the Board issued a warrant dated November 10, 2014, to commit and detain Petitioner for violation of parole, and Petitioner again waived his right to a revocation hearing and to counsel, admitting that he was a CPV. Consequently, the Board recommitted him as a CPV to serve 2–18 months and recalculated his maximum release date to April 30, 2017, declining to credit the time he served at liberty on parole. Specifically, the Board calculated that Petitioner owed 902 days of back time and returned to custody on November 10, 2014, yielding a maximum date of April 30, 2017.

Petitioner filed *pro se* a timely request for administrative relief, asserting, *inter alia*, that the Board improperly altered his judicially-imposed sentence because it extended his maximum violation date beyond the initial date of September 20, 2014, after that date passed in violation of his due process rights. He further contended that the Board erred in ignoring Section 6138(a)(2.1) of the Prison and Parole Code, 61 Pa. C.S. §6138(a)(2.1), by summarily denying him credit for the time he spent at liberty on parole.

By order dated May 5, 2015, the Board denied Petitioner's request, reasoning that the maximum term of imprisonment for possessing crack cocaine with the intent to distribute is 10 years as per Section 13(f)(1.1) of the Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substance Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(f)(1.1),[2] with a presumptive recommitment range of 18 to 24 months, and that the applicable range for DUI is 3 to 6 months. *See* 37 Pa. Code §75.2. Because these terms total a maximum of 30 months, the Board determined that its order recommitting Petitioner to serve 18 months is not subject to challenge. Further, the Board explained that it was authorized to recommit Petitioner as a CPV and to recalculate his sentence without providing him credit for the time spent at liberty on parole as per Section 6138(a)(2) of the Prison and Parole Code, 61 Pa. C.S. §6138(a)(2). To the extent due process was implicated, the Board held that "the ability to challenge the recalculation decision after it is imposed satisfies your due process rights. Therefore, the Board's recalculation of your maximum sentence date did not violate any constitutional provisions." (Certified Record at 128a.) Accordingly, the Board affirmed its order, and this appeal followed.

## II.

On appeal, Petitioner asserted that the Board improperly altered his judicially-imposed maximum term after its expiration on September 20, 2014, in

---

[2] Individuals convicted of possessing "coca leaves and any salt, compound, derivative or preparation of coca leaves[, or] any salt, compound, derivative or preparation of the preceding which is chemically equivalent or identical with any of these substances" with the intent to distribute are subject to a maximum imprisonment term of 10 years. 35 P.S. §780-113(f)(1.1).

4

violation of his due process rights. Petitioner also contended that his conviction on the drug charge was not pursuant to Section 13(f)(1.1) of the Controlled Substances Act, 35 P.S. §780-113(f)(1.1), upon which the Board relied for establishing the presumptive sentencing range. Finally, Petitioner challenged the Board's decision not to credit him for the time spent at liberty on parole.

After Petitioner filed his petition for review, we issued a *per curiam* order appointing the Public Defender of Northumberland County to represent him in this action. Subsequently, Counsel filed a motion to withdraw, claiming that he "can find no basis to challenge the decision," "believes this appeal is frivolous," and recognizes "no basis in law or fact for the appeal." (Motion for Leave to Withdraw as Counsel ¶¶2, 3.) Specifically, in Counsel's no-merit letter[3] dated September 16, 2015, he advised the Court that because Petitioner waived his right to a revocation hearing on November 10, 2014, admitted that he was a CPV, and did not present any mitigating evidence upon which the Board could have exercised its discretion to credit Petitioner for the time he spent at liberty on parole, Petitioner was not entitled to relief.

Counsel continued:

> The plain language of Section 6138[a](2) [of the Prison and Parole Code] required that the Board forfeit [Petitioner]'s street time unless it choose [*sic*] to exercise its discretion not to do so. While the exercise of this discretion cannot be arbitrary or capricious, the Board can hardly be

---

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

accused of abusing this discretion when [Petitioner] gave it no information upon which to exercise this right of leniency.

(*Turner* Letter from Counsel (September 16, 2015) at 4.)

Counsel also included a copy of the September 16, 2015 letter which he provided Petitioner in which Counsel advised Petitioner that after reviewing the full record, Counsel found that the case lacked merit and filed a motion to withdraw. Specifically, the letter states:

[T]he law is clear that the Board shall forfeit the street time of a convicted parole violator unless it exercises its discretion not to. In your case, you waived your revocation hearing, waived your right to counsel, and did not provide the Board with any mitigating evidence. The Board hearing was the critical time in the case to do this and you waived that opportunity.

You are advised that you have the right to submit your own Brief to the Commonwealth Court if you disagree and wish to argue your points and you would also have the right to hire private counsel to represent you further. [*sic*]

(Motion to Withdraw as Counsel, Ex. A, at 1–2.) A copy of Counsel's motion to withdraw was also served upon Petitioner.

6

# III.

## A.

Upon review,[4] we first inquire whether Counsel complied with the technical requirements governing the withdrawal of counsel appointed to represent petitioners seeking review of Board determinations. These requirements differ depending on whether a petitioner's right to counsel is constitutional in nature. Because appeals alleging that the Board did not properly calculate a petitioner's maximum date do not implicate a constitutional right to counsel, *see Hughes v. Pennsylvania Board of Probation and Parole,* 977 A.2d 19, 25–26 (Pa. Cmwlth. 2009) (*en banc*), counsel need only comply with the requirements set forth in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

Pursuant to this standard:

> [C]ounsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter which details the nature and extent of the attorney's review and lists each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless….

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (internal quotation marks and citations omitted) (original alternations omitted). Additionally, counsel must

---

[4] Our scope of review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Moroz v. Pennsylvania Board of Probation & Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

provide to the petitioner a copy of the "no-merit" letter, a copy of the petition to withdraw, and a statement advising the petitioner of his right to proceed *pro se* or via new counsel. *Id.* at 960. Where these technical prerequisites are satisfied, the Court will perform its own review of the merits of the case, and if we find that the claims lack merit, we will allow counsel to withdraw. *Id.*

Here, Counsel has complied with the technical requirements of the no-merit letter. First, Counsel's motion to withdraw asserts that he has notified Petitioner of his request to withdraw, provided him a copy of the no-merit letter he filed with the Court as well as a separate no-merit letter addressed specifically to Petitioner, and advised Petitioner of his right to proceed *pro se* or through new counsel. Additionally, as per the motion to withdraw's certificate of service, a copy of the same was served upon Petitioner.

Moreover, Counsel's letter to Petitioner, which is attached to his motion, explains that his conclusion is based upon a full review of the certified record. As detailed above, Counsel's *Turner* letter discusses the Board's authority to recommit a parolee as a CPV, to recalculate a maximum violation date, and to decline to provide credit for time served pursuant to Section 6138(a) of the Prison and Parole Code, 61 Pa. C.S. §6138(a). Because, facially, Counsel has set forth substantial reasons for concluding that Petitioner's arguments are meritless, Counsel complied with the standard governing no-merit letters, and we will conduct an independent review to determine whether the appeal is indeed meritless.

**B.**

**1.**

Insofar as Petitioner contends that he is entitled to credit for the time he spent at liberty on parole from April 1, 2012, through his recommitment in 2014, we find no merit in his argument.

Pursuant to the Prison and Parole Code:

(a) Convicted violators.--

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), *shall be given no credit for the time at liberty on parole.*

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

9

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

* * *

(c) Technical violators.--

(1) A parolee under the jurisdiction of the board who violates the terms and conditions of his parole, other than by the commission of a new crime of which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere in a court of record, may be detained pending a hearing before the board or waiver of the hearing or recommitted after a hearing before the board or a waiver of the hearing.

(2) If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.

61 Pa. C.S. §6138 (emphasis added).

This provision makes clear that CPVs "are not entitled to any credit for street-time." *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth.) (*en banc*), *appeal denied*, 29 A.3d 374 (Pa. 2011). As such, "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing." *Id.*; *see also id.* ("[T]ime spent in good standing prior to recommitment for technical violations *is not shielded from forfeiture* where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator." (emphasis in original)); *Young v. Board of Probation and Parole*, 409 A.2d 843, 847 n.8 (Pa.

10

1979) (explaining that our courts have "rejected the concept that the denial of credit for 'street time' represented an enhancement of the sentence originally imposed"). Because the decision to credit the time a parolee spent at liberty on parole lies within the sound discretion of the Board, and because Petitioner has presented no evidence to suggest that the Board abused its discretion in denying him credit, we affirm the Board's order in this regard.

## 2.

Regarding Petitioner's claim that the Board erred in recalculating his maximum violation date to a date *after* his initial date of September 20, 2014 expired and thereby enhanced his sentence beyond that judicially imposed, we disagree. Section 6138(a)(1) of the Prison and Parole Code enables the Board, in its discretion, to recommit as a parole violator a parolee "released from a correctional facility who, during the period of parole…commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty…*at any time thereafter* in a court of record."  61 Pa. C.S. §6138(a)(1) (emphasis added).  For purposes of recommitting, the Board does not lose jurisdiction over a parolee simply because the initial violation maximum date expires, *if*, prior to the expiration of that date, a parolee commits another crime for which he is arrested. Indeed, the operative date is not the date on which an initial violation maximum date expires, but rather, the date on which the crime for which a parolee is recommitted occurred.  Stated differently, if the crime occurred *before* the expiration of the maximum date but the parolee is convicted of it after the maximum date, the Board nonetheless has the authority to recommit the parolee as a CPV. *Id.*

11

**3.**

To the extent Petitioner claims that his due process rights were violated, Petitioner was entitled to a hearing at which he could have challenged the accuracy of any facts used to recalculate his sentence. *See Pierce v. Pennsylvania Board of Probation and Parole*, 500 A.2d 181, 183 (Pa. Cmwlth. 1985). However, in this instance, Petitioner waived his right to such a hearing.

**4.**

Finally, Petitioner argues that his conviction on the drug charge was not pursuant to Section 13(f)(1.1) of the Controlled Substances Act, 35 P.S. §780-113(f)(1.1), upon which the Board relied for establishing the presumptive sentencing range. To this end, he directs the Court to his sentencing order. While it appears that Petitioner argues that he was not convicted of possessing cocaine with intent to distribute, a review of the sentencing order belies this argument. Indeed, on its face, the order notes that Petitioner was convicted on a one-count felony charge pursuant to Section 13(a)(30) of the Controlled Substances Act, which prohibits the "manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." 35 P.S. §780-113(a)(30).[5]

---

[5] This charge corresponds with the cocaine charge on the police report, whereas with regard to marijuana, Petitioner was charged only with possession under Section 13(a)(16) of the Controlled Substances Act, 35 P.S. §780-113(a)(16).

12

Section (f) proceeds to provide various penalties for this offense based upon which controlled substance was at issue, with subsection (1.1) pertaining to cocaine. Section 13(f)(1.1) of the Controlled Substances Act, 35 P.S. §780-113(f)(1.1) (applying to "coca leaves and any salt, compound, derivative or preparation of coca leaves; any salt, compound, derivative or preparation of the preceding which is chemically equivalent or identical with any of these substances, except decocanized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecgonine"); *Commonwealth v. Eicher*, 605 A.2d 337, 355 (Pa. Super.) (noting that the possession of cocaine with the intent to deliver is a felony punishable by a maximum term of ten years' imprisonment as per Section 13(f)(1.1) of the Controlled Substances Act, 35 P.S. §780-113(f)(1.1)), *appeal denied*, 617 A.2d 1272 (Pa. 1992). Therefore, the Board did not err in relying upon Section 13(f)(1.1) of the Controlled Substances Act for purposes of establishing Petitioner's maximum sentence with respect to his drug conviction.

Accordingly, having found Petitioner's appeal meritless, we affirm the Board's order and grant Counsel leave to withdraw.

DAN PELLEGRINI, President Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Damel Nareef Etheridge,      :
                      Petitioner   :
                                     :
        v.                    :
                                     :
Pennsylvania Board of Probation and  :
Parole,                          :
                     Respondent :   No. 885 C.D. 2015

# **O R D E R**

AND NOW, this 8th day of January, 2016, the order of the Pennsylvania Board of Probation and Parole bearing a mailing date of May 5, 2015, is affirmed, and James L. Best, Esquire's motion for leave to withdraw as counsel is granted.


DAN PELLEGRINI, President Judge