# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Corey D. Lewis,                                       :
                              Petitioner              :
                                                      :
                v.                                    :    No. 1153 C.D. 2015
                                                      :    SUBMITTED: November 6, 2015
Pennsylvania Board of Probation                       :
and Parole,                                           :
                              Respondent              :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE LEADBETTER                          FILED: January 8, 2016


Corey D. Lewis petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal from an order recommitting him as a convicted parole violator. We affirm.

In January 2008, Lewis was found guilty of the offense of "person not to possess, use, etc. firearms" in the Court of Common Pleas of Philadelphia County. Pursuant to a sentence of four to eight years, he was incarcerated with an original parole minimum date of December 24, 2011, and a maximum date of December 24, 2015. Certified Record (C.R.) at 1. On December 28, 2011, the Board paroled Lewis, subject to numerous conditions. *Id*. at 15-19. Subsequently, Lewis absconded from parole supervision staff and committed new criminal

offenses. *Id*. at 22. Accordingly, the Board declared him delinquent effective October 10, 2013. *Id*. at 20.

On October 26, 2013, the Philadelphia police arrested him and charged him with numerous criminal offenses. *Id*. at 39-40. That same day, the Board lodged a detainer against him. *Id*. at 21. On October 27, 2013, the Philadelphia County court of common pleas set a monetary bail of $500,000, 10%, and on November 21, 2013, changed the bail type to release on recognizance (ROR). *Id*. at 107. The Philadelphia County criminal docket entries indicate that bail was posted on November 21.[1] *Id*.

On November 19, 2013, following an October 3, 2013 police chase that resulted in Lewis's evading capture, the Upper Providence Township police arrested Lewis and charged him with numerous criminal offenses. *Id*. at 61, 115-25. The Delaware County criminal docket entries reflect that monetary bail was set at $100,000, with no percentage, on November 19, 2013, but that bail was never posted. *Id*. at 116. Lewis was returned to a state correctional institution (SCI) on November 26, 2013. *Id*. at 141, 154. On January 13, 2014, the Board issued a decision recommitting him as a technical parole violator and detaining him pending disposition of new criminal charges. *Id*. at 67-68.

On August 27, 2014, Lewis entered a negotiated guilty plea in Philadelphia County to aggravated assault and possession of firearm prohibited. *Id*. at 108. The Philadelphia County court of common pleas sentenced him to serve three and one-half to seven years, followed by three years of probation. *Id*. at 102. On September 23, 2014, he entered a negotiated guilty plea in Delaware County to

---

[1] The hearing examiner acknowledged this fact at the subsequent evidentiary hearing. April 20, 2015 Hearing, Notes of Testimony (N.T.) at 25; C.R. at 189.

two counts of manufacture, sale, deliver or possession with intent to deliver a controlled substance and one count of fleeing or attempting to elude an officer. The Delaware County court of common pleas sentenced him to serve two and one-half to five years, to run concurrently with the Philadelphia sentence. *Id*. at 74-75, 118-119. In addition, Delaware County gave him credit on its sentence for time served for the period of November 19, 2013 to September 23, 2014. *Id*. at 74. On October 23, 2014, Lewis waived his right to a parole revocation hearing and admitted to the aforementioned criminal convictions. *Id*. at 131. Accordingly, in a decision mailed January 20, 2015, the Board recommitted him as a convicted parole violator to serve his unexpired term of 1457 days and recalculated his maximum date as September 18, 2018. *Id*. at 147-48.

In February 2015, Lewis filed an administrative remedies form challenging the Board's failure to render a new parole violation maximum date crediting him with his pre-sentence confinement period of October 27, 2013 to September 23, 2014. *Id*. at 199-200. In support, he cited *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980), holding that, "time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term . . . only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." Accordingly, pursuant to *Pierce v. Pennsylvania Board of Probation and Parole*, 500 A.2d 181, 183 (Pa. Cmwlth. 1985), the Board scheduled an evidentiary hearing to determine the factual question of whether the Delaware County court of common pleas granted Lewis unsecured bail, despite the fact that the pertinent criminal docket sheet did not support that assertion. C.R. at 204.

3

Regarding that evidentiary hearing, we note that where there is an issue as to whether a prisoner is entitled to credit for time spent in pre-sentence custody, the Board must justify its computation of recommitment time by presenting substantial evidence that bail was not posted on the new criminal charges. *Pierce*, 500 A.2d at 183. It can do so by submitting records pursuant to 37 Pa. Code § 71.5(b), which provides, in relevant part, as follows: "In hearings conducted under this chapter, documentary evidence and reports, including but not limited to . . . business records, public records, official records . . . may be utilized solely, if the panel or examiner is satisfied as to their authenticity, relevancy, accuracy and reliability." "A Petitioner can then rebut this evidence by demonstrating that the Board's evidence inaccurately reflects that he did not post bail." *Pierce*, 500 A.2d at 183.

At the evidentiary hearing in the present case, the state's evidence included the certificate of imposition of judgment of sentence, indicating that the Delaware County court of common pleas granted Lewis credit for time served from November 19, 2013 to September 23, 2014. C.R. at 90-91. This document reflects that the Delaware County Director of the Office of Judicial Support certified it as a true and correct copy from the record. *Id*. at 90. In addition, the parole agent submitted the Delaware County criminal docket sheet indicating that bail for the Delaware County charges was set on November 19, 2013, but not posted. *Id*. at 116. The parole agent testified that the docket typically would indicate that bail was posted and that the Delaware County court of common pleas was able to provide only the certified packet of convictions and secure docket entries. April 20, 2015 Hearing, Notes of Testimony (N.T.) at 15-16; C.R. at 176-77.

4

Counsel for Lewis made an objection to the state's evidence based on the notation at the bottom of the secure docket entries, which the hearing examiner recited and which provides, in pertinent part: "[R]ecent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the unified judicial system of the Commonwealth of Pennsylvania, nor the administrative office of Pennsylvania courts assume any liability for incorrect or delayed data, errors or admission of these records." *Id*., N.T. at 18-19; C.R. at 179-80. Ultimately, the hearing examiner overruled the objection. *Id*., N.T. at 20; C.R. at 181.

In an effort to rebut the state's evidence and to demonstrate that bail was posted, Lewis presented his Department of Corrections' Inmate Moves report indicating that he was received at SCI-Graterford as a "parole violator pending on November 26, 2013" and only left there for a brief period of time to attend court. *Id*., N.T. at 25-26; C.R. at 186-87. In addition, he testified to the effect that his presence at SCI-Graterford and not the Delaware County prison was indicative of the fact that he had made bail in Delaware County. *Id*., N.T. at 28; C.R. at 189.

In denying Lewis's request for credit, the Board concluded that the evidence did not support a finding that bail was granted. Specifically, regarding Lewis's contention that the secure docket entries were unreliable, the Board determined as follows: "Considering that both the Philadelphia and the Delaware cases are closed since sentencing for both took place in September and October 2014, it is this writer's belief that the documents submitted is [sic] inclusive of all available information regarding bail since each case has been closed for at least 7 months." Board's June 1, 2015 Decision at 2. In that regard, the Board noted the parole agent's testimony that, "when contact was made with Delaware County, he

5

was assured that the only documents available that referenced bail for this case were identified on the secure docket." *Id.* In addition, the Board emphasized that "[d]efense counsel did not provide any documentation to substantiate that bail was posted." *Id.* Accordingly, the Board did not change Lewis's parole violation maximum date. Lewis petitioned for review of the Board's decision and, subsequently, it denied his petition and affirmed its prior decision. Lewis's petition for review to this Court followed.

On appeal Lewis argues that the Board lacked sufficient evidence for its determination. We disagree. Notwithstanding the disclaimer on the secure docket entries, the Delaware County court of common pleas' September 23, 2014 certificate of imposition of judgment of sentence contains two handwritten conditions and is signed by the sentencing judge, an assistant district attorney and Lewis's former counsel. The conditions are that Lewis's Delaware and Philadelphia sentences are to run concurrently and that he receive credit for time served: November 19, 2013 to September 23, 2014. C.R. at 90. Accordingly, the certificate, in which Lewis's counsel signed off on the court's award of credit for the contested time period, coupled with the bail information reflected on the court's secure docket sheet, constitute substantial evidence to support a conclusion that Lewis failed to post bail in Delaware County. *See Sigafoos v. Pa. Bd. of Prob. & Parole*, 503 A.2d 1076, 1079 (Pa. Cmwlth. 1986) (substantial evidence has been defined as such relevant evidence as a reasonable person might accept as adequate to support a conclusion).[2]

---

[2] As the Board notes in its brief, this is the same type of evidence that the hearing examiner used to conclude that Lewis posted bail in Philadelphia County. Lewis did not challenge the hearing examiner's reliance on the Philadelphia criminal court docket in that instance.

6

Moreover, the Board did not err in determining that the move report, which Lewis relied upon for the proposition that his return to an SCI was improper, was insufficient to rebut the Board's evidence that he failed to post bail. The mere presence of conflicting evidence in the record does not signify that the Board's findings are not supported by substantial evidence.[3] *Harper v. Pa. Bd. of Prob. & Parole*, 520 A.2d 518, 523 (Pa. Cmwlth. 1987).

Accordingly, we affirm.

**BONNIE BRIGANCE LEADBETTER,**
Judge

---

[3] Regarding the move report, the Board reasoned as follows:

> The contention that Mr. Lewis would not have been transferred to a [SCI] on 11/26/13 had he not made bail is a unique point. However it could also imply that an administrative error occurred with the transfer. Furthermore, without any *credible documentation* that outlines that bail was posted, it is this writer's recommendation that the request for time credit be denied.

Board's June 1, 2015 Decision at 3 (emphasis added).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Corey D. Lewis,                              :
               Petitioner         :
                                :
          v.                          :   No. 1153 C.D. 2015
                                :
Pennsylvania Board of Probation               :
and Parole,                                   :
               Respondent        :

# **O R D E R**

AND NOW, this 8th day of January, 2016, the order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

_____

**BONNIE BRIGANCE LEADBETTER,**
Judge
